UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Massachusetts Bay Insurance Company, Hanover Insurance Company, | Case No. 22-cv-699 (KMM/TNL) |
| Plaintiffs, | |
| v. | **ORDER** |
| G.M. Northrup Corporation, | |
| Defendant. | |

This matter is before the Court on G.M. Northrup Corporation's ("GM Northrup") Motion to Stay, Dismiss, or Transfer. [ECF No. 12]. The parties dispute where this litigation should take place—here in the United States District Court for the District of Minnesota, or in the United States District Court for the Western District of Washington. The Plaintiffs, Massachusetts Bay Insurance Company ("Mass Bay") and Hanover Insurance Company ("Hanover"),[1] want the dispute litigated here. GM Northrup prefers to litigate the case in Washington. On May 26, 2022, United States District Judge Robert Bryan of the Western District of Washington denied the Insurers' motion to transfer a virtually indistinguishable parallel case to this District. In light of

---

[1] Collectively the Court refers to Mass Bay and Hanover in this Order as the "Insurers."

1

Judge Bryan's decision and for the reasons stated below, GM Northrup's motion is granted in part and this action is transferred to the Western District of Washington.

*Background*

GM Northrup is a Minnesota construction company that does business throughout the United States. Mass Bay is a Massachusetts insurance company and GM Northrup's general liability insurer. Hanover is a New Hampshire insurance company and provides excess insurance to GM Northrup.

GM Northrup built an O'Reilly Auto Parts store in Washington. A man named Christian Beck visited that store and alleges that because of a horrible accident, he was seriously injured. He claims GM Northrup is liable for his damages based on negligence. Beck sued GM Northrup in Washington State court in January 2022 (the "Beck Litigation"). Shortly after receiving notice of that lawsuit, GM Northrup submitted a claim for Mass Bay to defend and indemnify it in the Beck Litigation. Mass Bay originally told GM Northrup that its policy may not cover the alleged loss, but Mass Bay later agreed to defend GM Northrup while reserving its right to withdraw the defense and deny coverage related to the Beck litigation.

On March 16, 2022, at 12:19 p.m. (Pacific), GM Northrup filed a suit against Mass Bay in Pierce County Superior Court in Washington. [Davis Decl. ¶ 5, Ex. C, ECF No. 15]. In the Pierce County complaint, GM Northrup requested a declaratory judgment that Mass Bay owes it a duty to provide a defense and for indemnification in

2

the Beck Litigation. GM Northrup also requested an award of attorney's fees, litigation costs, and expenses. At 4:30 p.m. (Central) that same day, the Insurers filed this action (the "Minnesota Coverage Action"). [Davis Decl. ¶ 6, Ex. D]. Like GM Northrup in the Pierce County case, the Insurers seek a declaration regarding coverage under their respective policies. [ECF No. 1].

On March 25, 2022, GM Northrup amended its complaint in the Pierce County case, adding Hanover as a defendant. [Davis Decl. ¶ 7, Ex. E]. GM Northrup also added a claim for breach of contract against Mass Bay. The amended complaint acknowledges that Mass Bay eventually agreed to defend GM Northrup, but it alleges that Mass Bay breached the insurance agreement by failing to timely assume the defense and pay the defense fees that were incurred before Mass Bay agreed to provide the defense.

On April 11, 2022, Mass Bay removed the Pierce County case to the United States District Court for the Western District of Washington, Seattle Division (the "Washington Coverage Action"). [Davis Decl. ¶ 7, Ex. F]. The Washington Coverage Action is *GM Northrup Corp. v. Massachusetts Bay Ins. Co.*, No. 3:22-cv-5243-RJB, Doc. No. 1 (W.D. Wa. Apr. 11, 2022). It is presided over by the Honorable Robert J. Bryan, United States District Judge for the Western District of Washington.

*Judge Bryan's Order Denying Transfer*

On April 19, 2022, Mass Bay filed a motion in the Washington Coverage Action asking Judge Bryan to transfer that case to the District of Minnesota under § 1404(a) for

3

consolidation with the Minnesota Coverage Action. *GM Northrup Corp. v. Massachusetts Bay Ins. Co.*, No. 3:22-cv-5243-RJB, Doc. No. 5 (W.D. Wa. Apr. 19, 2022).[2] On May 26, 2022, Judge Bryan denied Mass Bay's motion to transfer the Washington Coverage Action. *Id.*, No. 3:22-cv-5243, Doc. No. 17 (W.D. Wash. May 26, 2022) (the "May 26th Order"). Judge Bryan evaluated the Insurers' request and GM Northrup's opposition under the "first-to-file rule" and 28 U.S.C. § 1404(a)—the same issues addressed by the parties in connection with GM Northrup's motion in this case.

In the May 26th Order, Judge Bryan rejected the Insurers' argument that the first-to-file rule was inapplicable because the Washington Coverage Action was filed only hours before this case and Hanover was not added to the former until after the Insurers filed this case. *GM Northrup Corp. v. Massachusetts Bay Ins. Co.*, No. 3:22-cv-5243-RJB, May 26th Order at 4–5. He explained that the rule applies because (1) it is not rigid, but "help[s] courts economically allocate resources and provide sound judicial administration," and (2) the parties and issues in the two cases are identical. *Id.* Judge Bryan further reasoned that the first-filed considerations were not "critical," but were nevertheless "relevant to the 1404(a) analysis. . . ." *Id.* at 5.

Judge Bryan decided not to transfer the case after applying an eight-factor test laid out by the Ninth Circuit Court of Appeals in *Jones v. GNC Franchising, Inc.*, 211 F.3d

---

[2] Hanover joined in Mass Bay's motion in the Washington Coverage Action. *GM Northrup Corp.*, No. 3:22-cv-5243-RJB, Doc. No. 11 (W.D. Wa. May 3, 2022).

495, 498 (9th Cir. 2000). No. 3:22-cv-5243-RJB, May 26th Order at 3, 5–7. First, he found the location where the relevant insurance agreements were negotiated and executed did not weigh in favor of transferring the Washington Coverage Action here because that lawsuit did not have "particularly strong ties to Minnesota. . . ." *Id.* at 5. Second, Judge Bryan concluded that even if Minnesota law applies to the parties' dispute and it is litigated in Washington, that consideration did not weigh in favor of litigating the case here. *Id.* Third, Judge Bryan held that because GM Northrup filed the lawsuit in Washington first, even though only by two hours, consideration of the plaintiff's choice of forum in the first-filed action strongly favored keeping the Washington Coverage Action in that forum. *Id.* at 6. Fourth, he observed that the parties' connection to Minnesota are not particularly strong and "[w]hat brings these parties together occurred in Washington State." *Id.* Fifth, Judge Bryan found that nothing suggested Minnesota "is a more convenient, economic, or fair location based on the issues raised in this insurance coverage dispute." *Id.* Finally, Judge Bryan concluded that the remaining factors were neutral and did not favor transfer.[3] *Id.* at 7. Based on this analysis, Judge Bryan denied the Insurers' motion to transfer, or alternatively, dismiss or stay the Washington Coverage Action.

---

[3] The sixth, seventh, and eighth factors applied by Judge Bryan in the May 26th Order are, respectively: the differences in costs of litigation in the two forums; the availability of compulsory process to compel attendance of unwilling non-party witnesses; and the ease of access to sources of proof.

*Legal Standards*

This case involves application of the first-filed rule and 28 U.S.C. § 1404(a), which permits a federal court to transfer a case to another forum for the convenience of the parties and the witnesses.

The first-to-file or first-filed rule is a discretionary case management tool that courts use to determine what should happen when parallel litigation is taking place in two separate federal courts. The rule is flexible and should be applied in a manner "best serving the interests of justice." *U.S. Fire Ins. Co. v. Goodyear Tire & Rubber Co.*, 920 F.2d 487, 488–89 (8th Cir. 1990). It "permits a court to decline jurisdiction over an action when a complaint involving the same parties and issues has already been filed in another district." *Orthmann v. Apple River Campground, Inc.*, 765 F.2d 119, 121 (8th Cir. 1985). The rule seeks to discourage a race to the courthouse, honor a plaintiff's choice of forum, and to guard against inconsistent rulings that may arise from simultaneous litigation in separate forums. *See Pacesetter Sys., Inc. v. Medtronic, Inc.*, 678 F.2d 93, 95–96 (9th Cir. 1982) (discussing the purposes of the first-to-file rule); *Siruk v. Robinhood Fin., LLC*, No. 21-cv-0415, 2021 WL 1997252, at *1 (D. Minn. Mar. 31, 2021) (same). "Courts generally consider three factors before applying the first-to-file rule: (1) the chronology of events, (2) the similarity of the parties involved, and (3) the similarity of the issues or claims at stake." *Siruk*, 2021 WL 1997252, at *1. Under the first-to-file rule, a court may transfer an action to another district or dismissal a suit without prejudice. *Id.* at *3.

Congress has also provided a statutory basis for the transfer of a case from one district to another. "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). The Eighth Circuit has identified three areas that must be considered when deciding whether to transfer a case under the statute: "(1) the convenience of the parties, (2) the convenience of the witnesses, and (3) the interests of justice. . . ." *Terra Int'l v. Miss. Chem. Corp.*, 119 F.3d 688, 691 (8th Cir. 1997). But the court is not limited to evaluation of only those factors; "[i]nstead, courts have recognized that such determinations require a case-by-case evaluation of the particular circumstances at hand and a consideration of all relevant factors." *Id.* at 695.

*Discussion*

In evaluating the parties' positions, this Court is mindful that it is not writing on a blank slate. Judge Bryan's May 26th Order in the Washington Coverage Action addresses precisely the same concerns that this Court must consider in applying the first-filed rule and 28 U.S.C. § 1404(a). The factors that Judge Bryan weighed are entirely consistent with the considerations that are relevant under Eighth Circuit case law. Evaluating those factors, Judge Bryan has already concluded that the Insurers failed to demonstrate that the Washington Coverage Action should be transferred here. Because

the record supports Judge Bryan's findings in the May 26th Order, this Court adopts those findings as its own.

However, the question of what should happen with these nearly identical and parallel lawsuits remains open.[4] Both here and in the Washington Coverage Action, the parties' positions evince agreement that it would be both wasteful and unsound judicial administration to have both lawsuits proceed simultaneously. Further, the parties apparently agree that allowing simultaneous litigation in two separate federal courts would risk inconsistent results. As explained below, the Court concludes that this action should be transferred to the Western District of Washington.

*First-Filed Rule*

This Court agrees with Judge Bryan's conclusion that the first-filed rule is applicable to this dispute. Further, this Court finds that its application supports transfer of this action to the Western District of Washington. There is no dispute that GM Northrup filed the Washington Coverage Action in Pierce County District Court in Washington State two hours before the Insurers filed this case. Although the Insurers argue that the relevant date for application of the first-filed rule is the date that the

---

[4] Judge Bryan's May 26th Order leaves open the question of precisely what case-management approach best suits the circumstances presented. *GM Northrup v. Massachusetts Bay*, No. 3:22-cv-5243-RJB, May 26th Order at 7 ("No showing of duplicative litigation or inconsistent outcomes appear on this record, and such matters may be resolved by future orders.").

Washington Coverage Action was removed to the federal court in the Western District of Washington, the majority rule is that the date of removal is irrelevant in this context.[5] This Court agrees with the majority approach: focusing on the date of removal would allow a defendant to usurp the priority generally given to the plaintiff's choice of forum. Accordingly, the Court finds that the Washington Coverage Action is the first-filed case.

Other elements of the first-filed rule point toward the Western District of Washington as the best place to litigate the parties' dispute. Like Judge Bryan, this Court finds that the two cases involve the same parties and the same issues. And the record shows no compelling circumstances to depart from the priority ordinarily given to the earlier filed suit. Under these circumstances, application of the first-filed rule weighs in favor of granting GM Northrup's motion, and transfer of a case to the forum of the first-filed suit is one form of relief available to the Court.

---

[5] *See, e.g.*, *Wakaya Perfection, LLC v. Youngevity Int'l, Inc.*, 910 F.3d 1118, 1126 n.6 & n.7 (10th Cir. 2018) (citing cases); *Castro v. Fire Door Sols., LLC*, 542 F. Supp. 3d 771, 778 n.6 (M.D. Tenn. 2021); *Aluminum Banking Co. v. Callery/Conway/Mars/HV, Inc.*, Civil No. 06-12038, at *, 2006 WL 2193007 (E.D. Mich. Aug. 2, 2006) ("[E]very court to consider the question has held that the date the case was filed in state court is the relevant date."); *but see N. Am. Commc'ns, Inc. v. Homeowners Loan Corp.*, No. CIVA3:2006-147, 2007 WL 184776, at *3 n.1 (W.D. Pa. Jan. 22, 2007) ("In applying the first-filed rule, the first-filed case is the federal civil action which is first in time, whether by removal or the actual filing of a civil action in federal court.").

*28 U.S.C. § 1404(a)*

Consideration of the relevant factors under 28 U.S.C. § 1404(a) similarly supports transfer of this action to the Western District of Washington. When it comes to the convenience of the parties, it is noteworthy that GM Northrup is the only party that is based in Minnesota, and it would prefer to litigate the coverage dispute in the State of Washington. All parties have connection to the State of Washington in that they do business there, and the underlying accident occurred there. Nothing in the record suggests that the District of Minnesota will be a more convenient forum for the parties' dispute to be litigated. As a result, transferring the case will not simply shift inconvenience from GM Northrup to the Insurers.

With respect to convenience of witnesses, the parties' employees, whether based in Minnesota or in the Insurers' home States of Massachusetts and New Hampshire, are not the primary focus; rather, the more relevant concern is any inconvenience for non-party witnesses. *Klatte v. Buckman, Buckman & Reid, Inc.*, 995 F. Supp. 2d 951, 955 (D. Minn. 2014) ("The focus is on non-party witnesses, since it is generally assumed that witnesses within the control of the party calling them, such as employees, will appear voluntarily in a foreign forum.") (quotations omitted). As GM Northrup persuasively argues, any testimony in this case will likely be based on the facts of Mr. Beck's underlying accident. [ECF No. 21 at 8–10]. Most witnesses with knowledge of those

facts are likely to be found in the State of Washington. This factor weighs in favor of transfer to the Western District of Washington.

The interests-of-justice factors strongly support transfer as well. Several of these factors are neutral: the parties' ability to enforce a judgment; the comparative costs to the parties of litigating in each forum; obstacles to a fair trial; conflict of law issues; and the advantages of having a local court determine questions of local law. However, the plaintiff's choice of forum weighs in favor of transfer. As Judge Bryan found, the relevant choice of forum here is GM Northrup's decision to file suit in Washington. *GM Northrup v. Massachusetts Bay Ins. Co.*, No. 3:22-cv-5243-RJB, May 26th Order at 6. Transfer of this action to the Western District of Washington will give appropriate preference to GM Northrup's choice of forum.

And, perhaps most importantly in this case, considerations of judicial economy support transfer in light of Judge Bryan's ruling. Having the parties' entire dispute litigated in a single forum will be more efficient and economical than any other alternative. Transferring the suit will allow a single court to manage the entire coverage dispute at issue, and upon its conclusion, the parties will have received a definitive answer to the coverage question.

**ORDER**

For the reasons discussed above, **IT IS HEREBY ORDERED** that:

1. GM Northrup's motion to dismiss, stay, or transfer [ECF No. 12] is **GRANTED**; and

2. This case is **TRANSFERRED** to the United States District Court for the Western District of Washington. The Clerk of Court is directed to take all steps necessary to effectuate this transfer in an expeditious fashion.

Date: June 22, 2022

                                              *s/Katherine Menendez*
                                              Katherine Menendez
                                              United States District Judge